

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
September 22, 2022
_____

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re: | Case No.: 21-14900-gs |
| | Chapter 7 |
| JEFFREY LEE TINDALL and | |
| CARMELITA AGARAN TINDALL, | Hearing Date |
| | DATE: July 13, 2022 |
| Debtor. | TIME: 2:30 p.m. |

**ORDER ON OBJECTION TO PROOF OF CLAIM NO. 3**

The debtors objected to American Express's claim as untimely under Nevada Revised Statutes (NRS) 11.190(1)(b).  That statute requires that actions on a contract be commenced within six years from when they accrue.  Ms. Tindall made her last payment to American Express on January 23, 2015. ECF No. 61-2 at 33.  She and her husband filed their bankruptcy on October 11, 2021, more than six years after the last payment to American Express.

American Express responded that it timely filed its proof of claim within the six-year period when the debtors' prior two bankruptcy cases were taken into consideration.  It maintains that the prior bankruptcy cases tolled the limitations period for a period of 521 days. *See* 11 U.S.C. § 108(c); NRS 11.350.  As a result, the last day of the six-year period to timely file under NRS 11.190(1)(b), as extended by NRS 11.350 to account for the bankruptcy filings, was in June 2022.  This was well after the debtors filed their current bankruptcy on October 11, 2021.  American Express filed its proof of claim on October 27, 2021.

1

In their reply, the debtors did not challenge American Express's calculation of the applicable period under Nevada law. For the first time on reply, the debtors argued that Utah law controls under the applicable credit card agreement. They argue that the applicable Utah statute of limitations is four years under Utah Code Ann. § 78B-2-307(1)(b, c). ECF No. 59. This statute applies to actions "after the last charge is made or the last payment is received" upon an "open store account for any goods, wares, or merchandise" or an "open account for work, labor or services rendered, or materials furnished." American Express filed its proof of claim more than four years from the last payment date even with the tolled time provided by the prior bankruptcy filings.

In response to the debtors' new argument, American Express filed a sur-reply without leave of the court. ECF No. 61. It conceded that Utah law governed its claim. It also acknowledged that the applicable statute of limitations for credit card debt remained an open question under Utah law. *Asset Acceptance LLC v. Stocks*, 376 P.3d 322, 327 (Ct. App. Utah 2016). It argued, however, that its claim is an obligation or liability founded upon a written credit card agreement subject to the six-year statute of limitations under Utah Code Ann. § 78B-2-309(2).

On July 13, 2022, the court heard oral argument on the objection. The parties briefly restated their arguments on the record. During oral argument, however, the debtors also asked the court to strike the sur-reply filed by American Express because the creditor had not sought leave of court. At the conclusion of the hearing, the court took the matter under submission. The next day, the case, including this claim objection, was transferred to the undersigned.

A. Procedural Issues

First, the court must decide what issues are properly before the court for decision. The debtors' motion challenged the timeliness of American Express' proof of claim under Nevada law. American Express responded and established that its claim had not expired prior to the bankruptcy under Nevada law. On reply, the debtors raised the Utah statute of limitations for the first time. It is well settled that new arguments cannot be raised for the first time on reply. *See In re Parsons*, 2010 WL 2545950, at *1 (Bankr. D. Haw. June 23, 2010); *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("on appeal, arguments not raised by a party in its opening brief are deemed waived"); *In re Anderson*, 2019 WL 1440473, at *2 (Bankr. S.D.W. Va. Mar. 29, 2019).

American Express did not object on this basis. Rather, it filed a sur-reply to address the new argument. But it did so without prior court approval.

The debtors' request to strike the sur-reply may be technically correct but it is substantively flawed. But for the sur-reply, the court would be required to strike the reply as it left American Express without the opportunity to respond. I see no purpose served by this. American Express has taken the opportunity to respond to the new arguments raised on reply. *See In re Avaya Inc.,* 573 B.R. 93, 98 n. 9 (Bankr. S.D.N.Y. 2017) (court accepted sur-reply and denied a motion to strike because it was "the one and only opportunity the Objectors had to answer those arguments."). The court denies the oral motion to strike and accepts the sur-reply.

B. Applicable Statute of Limitations

The parties acknowledge that two potential statutes of limitations apply to American Express's claims under Utah law. *See Asset Acceptance LLC v. Stocks*, 376 P.3d 322, 327 (Ct. App. Utah 2016) (noting that the applicable statute of limitations on credit card debts remains an issue of first impression under Utah law in Utah). The debtors contend that the claim is subject

to the four-year statute of limitations set forth in Utah Code Ann. § 78B-2-307(1)(b, c) applicable to open accounts.  They rely on *Hood v. Am. Express Centurion Bank,* 2011 US Dist LEXIS 42713 (S.D. Ill. April 20, 2011), in which the district court applied § 78B-2-307(1)(b, c). There, the court reasoned that "[a] credit card is an open-ended account, and § 78B-2-307(1) enumerates various other types of open accounts." *Id*. at *2.

American Express contends that the six-year statute of limitations under Utah Code Ann. § 78B-2-309(2) governs its claim because it is an action upon a "contract, obligation, or liability founded upon an instrument in writing." It cites the court to *Empire Land Title, Inc. v. Weyerhaeuser Mortg. Co.*, 797 P.2d 467, 469 (Utah Ct. App. 1990), in which the Utah Court of Appeals recognized "the test for determining if a written instrument falls within the six-year statute of limitations: '[I]f the fact of liability arises, is assumed, or imposed from the instrument itself, or its recitals, the liability is founded upon the instrument in writing.'" (quoting *Brigham Young Univ. v. Paulsen Const.,* 744 P.2d 1370, 1372 (Utah 1987)). American Express contends that its card agreement is such a writing bringing the accrued debt under Utah's six-year statute of limitations.

In support of its argument, American Express relies heavily on *In re Preisendanz*, 2017 WL 5202827, at *4 (Bankr. C.D. Cal. Nov. 8, 2017), a similar case in which a bankruptcy court was required to determine the applicable Utah statute of limitations for a claim filed by American Express.  In *Preisendanz,* the bankruptcy court noted the potential application of the two Utah statutes of limitation and the unresolved nature of the question. The *Preisendanz* court applied Utah's statute of frauds found at Utah Code Ann. § 25–5–4 to determine whether American Express's claim arose from a written instrument.  The statute includes specific language requiring credit agreements to be in writing. Whether the six-year statute of limitations applied

4

depended upon whether American Express could prove that it had a binding and enforceable credit agreement with the debtor under § 25-5-4(2)(e), which provides:

> (e) A credit agreement is binding and enforceable without any signature by the party to be charged if:
>
> > (i) the debtor is provided with a written copy of the terms of the agreement;
> >
> > (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms;
> >
> > (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

The *Preisendanz* court held that American Express sufficiently established that it had satisfied the requirements of Utah Code Ann. § 25–5–4(2)(e) and the six-year statute of limitations applied. The court finds the reasoning of *Preisendanz* persuasive and similarly looks to see if American Express has satisfied the requirements under § 25-5-4(2)(e) to establish a written enforceable credit agreement exists for the debtors.

American Express states that it has sent an account agreement to the debtors on several occasions. It attaches an account statement with a closing date of November 28, 2010. The first page references a revised cardmember agreement beginning at page 5 of the statement. On that page is a letter dated November 25, 2010, informing Ms. Tindall that a new Cardmember Agreement is enclosed. The new Cardmember Agreement is attached, and states: "Utah law and federal law govern this Agreement and your Account. They govern without regard to internal principles of conflicts of law. We are located in Utah. We hold your Account in Utah. We entered into this Agreement with you in Utah." ECF No. 61-1 at 17. This information is sufficient to establish under § 25–5–4(2)(e)(i) that American Express sent the debtors a written

cardmember agreement in November 2010 providing the terms of the account, including that the debt would be governed by Utah law.

The Cardmember Agreement further states, "When you use the Account (or you sign or keep the card), you agree to the terms of the Agreement." ECF No. 61-1 at 12. As such, the debtors were advised that the use of the card constituted acceptance of the terms within the written agreement. American Express has proven the second requirement set forth in § 25–5–4(2)(e)(ii).

As for the final requirement that the debtors request funds after receiving the credit agreement under § 25–5–4(2)(e)(iii), American Express has attached a series of monthly account statements dated from May 2014 through June 2015. These account statements do not reflect any purchases directly. They do show, however, a number of payments by the debtors. More importantly, the summary information included with the monthly statements references purchases made in 2014 prior to the May 2014 statement in a very limited amount. For example, in the May 2014 statement, American Express separately identifies "purchases" made after May 17, 2014 with a "balance subject to interest rate." This amount is only $6.78, though there is also a summary of reward details that reflects $42.07 in "other eligible purchases" were made within the reward period of April 2014. ECF No. 61-2 at 4-5. Ms. Tindall has not contested that she used the American Express card after 2010. Therefore, the court finds this sufficient to establish use of the cardmember agreement after receipt of that document in 2010.

For these reasons, the court finds that American Express has proven the elements to establish a written, enforceable cardmember agreement with Ms. Tindall beginning in November 2010 under Utah Code Ann. § 25–5–4(2)(e). Her debt to American Express, therefore, arises, is assumed, or imposed from the cardmember agreement and its claim is an action upon a

"contract, obligation, or liability founded upon an instrument in writing" subject to a six-year statute of limitations under Utah Code Ann. § 78B-2-309(2).

The six years for American Express to file its action against Ms. Tindall to recover the balance owed on her debt began to run on January 23, 2015.  *See* Utah Code Ann. § 78B-2-113(1)(c).  Utah, like Nevada, tolls the statute of limitations for any period of time in which enforcement is enjoined or statutorily stayed. Utah Code Ann. § 78B-2-112; *Koyle v. Sand Canyon Corp.*, 2016 WL 917927, at *6 (D. Utah Mar. 8, 2016), *aff'd*, 683 F. App'x 715 (10th Cir. 2017).  Based on the calculations previously stated above, American Express's proof of claim is not time-barred under Utah law.

Therefore,

IT IS HEREBY ORDERED that the Objection to American Express National Bank's Proof of Claim No. 3 (ECF No. 51) is OVERRULED.

IT IS SO ORDERED.

   * * * * *

Copies sent via CM/ECF ELECTRONIC FILING.

Copies sent via BNC to:

AMERICAN EXPRESS NATIONAL BANK
C/O BECKETT AND LEE LLP
ATTN: GREGORY P. DEEGAN, CLAIMS ADMINISTRATOR
P.O. BOX 3001
MALVERN, PA 19355-0701

            # # #